UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON,

       Plaintiff,                                 Civil Action No. 18-CV-13994

vs.                                         HON. BERNARD A. FRIEDMAN

NICK LYON, et al.,

       Defendants.

_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT AND DENYING AS MOOT PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

        This matter is presently before the Court on the Court's own review of the complaint. Plaintiff's application for leave to proceed in forma pauperis has been granted. Pursuant to Fed. R. Civ. P. 12(h)(3), the Court shall dismiss the complaint for lack of subject matter jurisdiction.

        In a rambling, 37-page complaint, plaintiff appears to allege that defendant Meridian Health Plan of Michigan ("Meridian") has failed to reimburse him properly for mileage to and from his medical appointments and for certain meals. Plaintiff appears to claim entitlement to these "Non-Emergency Medical Transportation" ("NEMT") services as a Medicaid recipient. Plaintiff also alleges that defendants[1] have denied him access to his

_____

[1] In addition to Meridian, plaintiff has named as defendants Nick Lyon, the Director of the Michigan Department of Health and Human Services; Julie McMurtry, the Executive Director of the Michigan Administrative Hearing System; the Michigan Department of Health and Human Services; and the Michigan Administrative Hearing System.

case file and neglected to respond promptly and/or properly to his requests for forms and information. Further, plaintiff claims that the Michigan administrative law judges assigned to hear his appeals have improperly denied him access to his case file and prevented him from submitting documents and otherwise developing a record.

In his complaint, and in his contemporaneously filed motion for a temporary restraining order and/or preliminary injunction, plaintiff asks, among many other things, that the Court enjoin defendants from proceeding with his two currently pending appeals before the Michigan Administrative Hearing System; order defendants to provide him access to his case file and enjoin them from destroying his case file; and declare that the state defendants have violated his due process and other rights.

This Court has no jurisdiction to hear this matter. Plaintiff has appealed Meridian's reimbursement decisions to the Michigan Administrative Hearing System, which has assigned administrative law judges to hear plaintiff's two appeals. If plaintiff is unsatisfied with the decisions in either or both of these cases (either procedurally or substantively), his remedy is to appeal to the appropriate state circuit court, *see* Mich. Comp. Laws § 600.631, and from there to the Michigan Court of Appeals. *See* Mich. Comp. Laws § 600.308(1)(a). Plaintiff appears to be aware that he must follow this procedure, as he indicates on the civil cover sheet that a companion case, 18-724263-AA, is currently pending in Roscommon County Circuit Court, the circuit court for the county where plaintiff resides. Accordingly,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order and/or preliminary injunction is denied as moot.

s/Bernard A. Friedman
Dated:  January 2, 2019          BERNARD A. FRIEDMAN
Detroit, Michigan               SENIOR UNITED STATES DISTRICT JUDGE