UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON,
and VERA BAY,[1]

      *Plaintiffs,*

v.

NICK LYON, JULIE McMURTRY,
MERIDIAN HEALTH PLAN of
MICHIGAN, INC., MICHIGAN
ADMINISTRATIVE HEARING SYSTEM,
MICHIGAN DEPARTMENT OF HEALTH
and HUMAN SERVICES, ROBERT GORDON,
LAURIE SAUER, and NEMSCA,

      *Defendants.*
_____/

CASE NO. 1:18-cv-13994
DISTRICT JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS (ECF. Nos. 37, 38, 76),
DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER (ECF No.
49), PLAINTIFFS' MOTION RE OBJECTION INVOLVING
DISCOVERY (ECF No. 50), PLAINTIFFS' MOTION RE RESPONSE TO
JOINT MOTION FOR PROTECTIVE ORDER (ECF No. 55),
PLAINTIFFS' MOTION TO SUBSTITUTE PARTY (ECF No. 58),
PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER REQUIRING RESPONSE (ECF No. 78), PLAINTIFF'S
MOTION FOR SUBSTITUTION OF DAUGHTER PEGGY HAMPEL
FOR VERA BAY (ECF No. 83), and PLAINTIFF'S MOTION TO GRANT
LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 85)**

---

[1] I note that Ms. Bay died on May 31, 2019 (ECF No. 37, PageID.345) and although Plaintiff Donaldson has a power of attorney, "[a] power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person." *Lester v. Michigan*, 2019 WL 2442316, at *2 (W.D. Mich. June 12, 2019). Since no valid representative has joined this action, she should be dismissed and all references to "Plaintiff" in the Report will be to Plaintiff Donaldson.

1

I.      **RECOMMENDATION**

For the reasons stated below, I recommend that the motions to dismiss be **GRANTED** based on abstention (ECF Nos 37, 38, 76) and that all other motions be **DENIED AS MOOT**. (ECF Nos. 49, 50, 55, 58, 78, 83, and 85.)

II.     **REPORT**

   A.   **Background**

Plaintiffs' Complaint was previously reviewed and dismissed by this Court. (ECF No. 6.) Plaintiffs' Complaint is "a rambling, 37-page complaint" wherein he "appears to allege that defendant Meridian Health Plan of Michigan (Meridian) has failed to reimburse him properly for mileage to and from his medical appointments and for certain meals." (ECF No. 6, PageID.116.) "Plaintiff appears to claim entitlement to these 'Non-Emergency Medical Transportation' ('NEMT') services as a Medicaid recipient." (*Id.*) "Plaintiff also alleges that defendants have denied him access to his case file and neglected to respond properly for forms and information" and that "the Michigan administrative law judges assigned to hear his appeals have improperly denied him access to his case file and prevented him from submitting documents and otherwise developing a record." (ECF No. 6, PageID.116-117.) Plaintiff also contends that these actions violated his due process rights. (*Id.*) Plaintiff's Complaint seeks a "Temporary Restraining order or Preliminary Injunction that restrains the state agency defendants…from having MAHS administrative conferences or hearings" and that "enjoin[] Meridian…from closing and/or making any determinations in Mr. Donaldson's two new Meridian Health appeals" and "enjoining the Defendants…from not not [sic] to destroy to destroy and/or dispose of Mr. Donaldson's case file" and he seeks a "declaratory ruling against

the state agency defendants." (ECF No. 1, PageID.39.) Plaintiff also seeks to "order Meridian to provide Mr. Donaldson access" to his case file, to "order Meridian to submit current and updated revisions involving NEMT services manuals[,]" to "order Meridian to take into account" "ArcGIS maps and time calculations" and to "remove the MAHS exclusion waiver[.]" (ECF No. 1, PageID.40.) Finally, Plaintiff seeks nominal, punitive, and exemplary damages. (ECF No.1, PageID.40-41.)

Plaintiff appealed this court's dismissal and the Sixth Circuit held that Plaintiff's "claim that the defendants impaired his opportunity to obtain a fair hearing, by denying him access to his case file and otherwise impeding his development of a record, is a cognizable federal claim" under 42 U.S.C. § 1983 and 1396(a)(3)(fair hearing requirement). (ECF No. 14.) The Sixth Circuit concluded that the "district court's orders suggest that Donaldson must pursue his due process claims in the state courts" but that "such claims may be pursued in federal court" and that non-prisoners do not have to exhaust administrative remedies. (ECF No. 14.)

Presently before the court are several motions: (1) Joint Motion to Dismiss by Nick Lyon, Michigan Department of Health and Human Services (HHS), and Robert Gordon (ECF No. 37); (2) Joint Motion to Dismiss and joinder/concurrence in the State Defendants Motion to Dismiss filed by NEMSCA and Laurie Sauer(ECF No. 38); (3) Joint Motion for protective order staying discovery filed by Nick Lyon, Julie McMurtry, Michigan Administrative Hearing System, and Michigan Department of HHS (ECF No. 49); (4) Motion re objection involving discovery plan submission by Plaintiff (ECF No. 50); (5) Motion re response to joint motion for protective order filed by Plaintiff (ECF No. 55); (6) Motion to Substitute Party filed by Plaintiff (ECF No. 58); (7) Motion to Dismiss filed by Meridian Health Plan of Michigan (ECF No. 76); and (8) Motion

for Reconsideration re Order requiring response to pleading filed by Plaintiff. (ECF No. 78). The Court has considered all the arguments raised in the above motions and the responses and replies to the motions. (ECF Nos. 37, 38, 44, 47, 49, 50, 52, 54, 55, 57, 58, 60, 61, 62, 64, 65, 66, 67, 68, 69, 73, 74, 75, 76, 78, 79, 82, 83, 84, 85, and 86.)

    **B.**    **Law and Analysis**

        **1.**    **Motions to Dismiss based on abstention**

A common issue raised in the various motion to dismiss is that this court should dismiss the instant federal action based on *Colorado River* or *Younger* abstention. (ECF No. 37, PageID.334-337; ECF No. 38, PageID.425; ECF No. 76, PageID.860-861.) These arguments are based on a currently pending case in the Michigan Courts filed by Plaintiff against the Michigan Department of Health and Human Services (HHS) which Defendants contend raises the same issues as those presented here.

Plaintiff has filed an appeal from the Roscommon County Circuit Court decision in a case he brought against HHS. Michigan Ct of Appeals Docket No. 352311, Michigan Sup. Ct. Docket No. 160933. At the time Defendant Meridian Health filed its motion to dismiss, the docket in the Michigan Appellate Courts ended with an entry dated February 18, 2020 (answer to application for leave to appeal). (ECF No. 37, PageID.406-408.) Since that time, review of the public docket for the appellate courts in Michigan reveals that Plaintiff's attempt to skip the Michigan Court of Appeals and seek immediate review before the Michigan Supreme Court has been denied as of April 29, 2020. *Donaldson v. Dep't of Health and Human Services*, 2020 WL 2097340 (Mich. Sup Ct. Apr. 29, 2020). The Michigan Court of Appeals case remains "open." See, https://courts.michigan.gov/opinions_orders/case_search/pages. Thus, there is a pending

state court action, the question then becomes whether the existence of that action should cause this court to abstain from further action in this court.

The *Colorado River* abstention doctrine holds that although "generally . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," several exceptional circumstances warrant abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). When a federal court determines that the following factors outweigh the duty to exercise jurisdiction where it exists, federal abstention is appropriate: (1) problems occurring from the exercise of state and federal jurisdiction over the same res; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the state and federal proceedings commenced; and (5) whether federal or state law controls the litigation. *Id. See also United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001). All five factors should be considered and no single factor is determinative. *Id.* In addition, courts have also delineated additional considerations: "(6) the adequacy of the state court action to protect the federal plaintiff's rights…(7) the relative progress of the state and federal proceedings…and (8) the presence or absence of concurrent jurisdiction." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).

"In order to determine whether abstention under Colorado River is appropriate, the Court must first determine whether there are parallel actions proceeding in both state and federal courts[,]" i.e., whether "'the parties are substantially similar,' and 'the claims raised in both suits are predicated on the same allegations as to the same material facts[.]'" *Atkins v. CGI*

*Technologies and Solutions, Inc.*, 339 F. Supp. 3d 619, (E.D. Ky. 2018), quoting *Preferred Care of Del, Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017).

Here, the two pending cases in state and federal court are parallel. Plaintiff's claim of appeal of the ALJ decision in the state courts alleges that his right to examine his file was violated by MAHS ALJ Arendt when Plaintiff filed a timely request to examine his file but ALJ Arendt denied that request, and that his due process rights were violated. (ECF No. 37, PageID.374-375.) In this federal case, Plaintiff charges that "defendants have denied him access to his case file and neglected to respond properly for forms and information" and that "the Michigan administrative law judges assigned to hear his appeals have improperly denied him access to his case file and prevented him from submitting documents and otherwise developing a record." (ECF No. 6, PageID.116-117.) Plaintiff also contends that these actions violated his due process rights. (*Id*.) Plaintiff seeks similar declaratory relief in the state court case as he does in the instant case. (ECF No. 37, PageID.377; ECF No.1, PageID.39-41.) The claims are nearly identical, the parties are substantially the same although Plaintiff added several new defendants in the federal action, and the relief sought is the same. I therefore find that the state and federal actions are parallel.

Since the actions are parallel, the court may then consider the eight factors to determine whether *Colorado River* abstention would be appropriate. Here, there is no "res", the federal forum is neither convenient nor inconvenient, there is a possibility of piecemeal litigation, it appears that the state court appeal of the administrative decision was filed in 2019 and Plaintiff's claim in this court was filed in 2018. In addition, the state court is perfectly capable of protecting Plaintiff's due process rights in assessing the adequacy of the state administrative procedure,

6

neither the state nor federal cases have progressed to near conclusion, and either court would have jurisdiction to decide the issues presented. I suggest that these factors weigh in favor of abstention.

I further suggest that *Younger* abstention may also be appropriate. "Under *Younger* abstention, absent unusual circumstances [], a federal court must decline to interfere with pending state civil or criminal proceedings where important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). *Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger*, 401 U.S. at 40-41. If this Court were to grant the injunctive relief requested by Plaintiff, it would interfere with the ongoing state proceeding.

In addition, the relevant factors favor *Younger* abstention: "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017). Here, the state procedures are pending, and they will provide Plaintiff with a forum to address his constitutional due process issue. As to the important state interest, although it could be argued that "Medicaid involves a pervasive federal regulatory scheme[,]" the Act "confers broad discretion on the States to adopt standards for determining the extent of medical assistance, requiring only that such standards be 'reasonable' and 'consistent with the objectives of the Act." *Smith v. Rasmussen*, 249 F.3d 755, 759 (8th Cir. 2001), quoting *Beal v. Doe*, 432 U.S. 438, 444 (1977). The State of Michigan determines eligibility for benefits and considers Medicaid a "joint state

and federal" program. See, e.g., *Ciena Healthcare Management v. Dep't of Health and Human Services*, 2015 WL 4255218, at *1 (Mich. Ct. App. July 14, 2015). Accordingly, I suggest that all three factors favor *Younger* abstention. *Hudson v. Campbell*, 663 F.3d 985, 988-89 (8th Cir. 2011)(finding all factors in favor of Younger abstention where the plaintiff had on-going state administrative proceeding and the plaintiff had not yet exhausted state remedies regarding eligibility for Medicaid and where due process claim could be raised in the state appellate process).[2]

I therefore recommend that the Defendants' motions to dismiss be granted based on abstention. (ECF Nos. 37, 38, 76.)

### 2. Other motions

Since I recommend dismissal of this action based on abstention, I further recommend dismissal of all remaining motions as MOOT. (ECF Nos. 49, 50, 55, 58, 78, 83, 85.)

### C. Conclusion

For the reasons above, I recommend granting the motions to dismiss based on abstention (ECF Nos 37, 38, 76) and denying all other motions as moot. (ECF Nos. 49, 50, 55, 58, 78, 83, 85.)

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after

---

[2] I note that since there is a pending appeal of the administrative proceeding in state court, specifically the Michigan Court of Appeals, this case does not raise the issue of the propriety of abstention where review by the state court is available but not exercised. *See, Chester Bross Const. Co. v. Schneider*, 886 F. Supp. 2d 896, 908, n. 10 (C.D. Ill. 2012)(noting that the 5th and 6th Circuits have held that "mere availability of state judicial review of state proceedings does not amount to pendency of state judicial proceedings" for purposes of *Younger* abstention in contrast to the holdings of the 1st, 3rd, and 8th Circuits which "have held that an administrative proceeding and subsequent state-court review are considered an on-going proceeding for purposes of *Younger*.")

being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 18, 2020          S/ PATRICIA T. MORRIS
                             Patricia T. Morris
                             United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record and Plaintiff who is an e-filer.

Date: June 18, 2020                                   By <u>s/Kristen Castaneda</u>
                                                                                      Case Manager