UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON,

        Plaintiff,                          Civil Action No. 18-CV-13994

vs.                                    HON. BERNARD A. FRIEDMAN

NICK LYON, et al.,

        Defendants.

_____/

## OPINION AND ORDER ACCEPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED

        This matter is presently before the Court on Magistrate Judge Patricia T. Morris'

Report and Recommendation ("R&R"), in which she recommends that the Court dismiss the

complaint under the *Younger* or *Colorado River* abstention doctrine and that it deny the non-

dispositive motions as moot.  Plaintiff[1] has filed timely objections, and defendants have

---

[1] The only plaintiff in this matter is Mark Donaldson.  The amended complaint, filed in January 2019, purported to add Vera Bay as a plaintiff, but she did not sign that pleading, and no one ever represented her except Donaldson, a layperson who claimed to be doing so by virtue of a durable power of attorney. *See* Am. Compl. ¶¶ 4-5.  But even assuming the POA authorized Donaldson to file a lawsuit on Bay's behalf, he could not do so pro se and he cannot represent her.  As a non-lawyer, Donaldson could represent *only himself*, not anyone else.  Therefore, the amended complaint, which was signed only by Donaldson, did not succeed in joining Bay as a party plaintiff.  That is to say, Bay is not, and never has been, a party to this lawsuit.
        On March 17, 2020, plaintiff filed a suggestion of death, indicating that Bay had died in May 2019.  *See* docket entry 45.  On March 26, 2020, he filed a pro se "motion for party substitution," docket entry 58, in which he sought to substitute himself for Bay.  And on June 1, Bay's daughter, Peggy Hampel, filed a pro se "motion for substitution of daughter Peggy Hampel for Vera Bay."  *See* docket entry 83.  Both of these motions are denied.  Plaintiff cannot be substituted for Bay because he has no connection to Bay's estate.  Hampel, who is the representative of Bay's estate according to letters of authority issued by Iosco County Probate Court, certainly could be substituted for Bay if Bay had ever joined this lawsuit as a party plaintiff.  But since Bay never held that status, no one, including Hampel, can substitute for her.

responded. *See* docket entry 100. Peggy Hampel has also filed objections, *see* docket entry 104, but because she is not a party the Court shall not consider them. Under Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition . . . ."

As summarized by the court of appeals,

[i]n 2018, Donaldson, a Medicaid recipient, filed suit against Nick Lyon, the director of the Michigan Department of Health and Human Services; Julie McMurtry, the executive director of the Michigan Administrative Hearing System; Meridian Health Plan of Michigan, Inc.; the Michigan Department of Health and Human Services; and the Michigan Administrative Hearing System. Citing various federal statutes and regulations, Donaldson challenged Meridian's reimbursement policy for meals and mileage to and from his medical appointments. Donaldson alleges, among other things, that Meridian and the state agencies have refused him access to his "case file," and thereby prevented him from receiving fair administrative hearings, in violation of due process.

*Donaldson v. Lyon*, No. 19-1065, at 1-2 (6th Cir. Oct. 17, 2019).

In her R&R, Magistrate Judge Morris states:

A common issue raised in the various motion[s] to dismiss is that this court should dismiss the instant federal action based on *Colorado River* or *Younger* abstention. (ECF No. 37, PageID.334-337; ECF No. 38, PageID.425; ECF No. 76, PageID.860-861.) These arguments are based on a currently pending case in the Michigan Courts filed by Plaintiff against the Michigan Department of Health and Human Services (HHS) which Defendants contend raises the same issues as those presented here.

Plaintiff has filed an appeal from the Roscommon County Circuit Court decision in a case he brought against HHS. Michigan Ct of Appeals Docket No. 352311, Michigan Sup. Ct. Docket No. 160933. At the time Defendant Meridian Health filed its motion to dismiss, the docket in the Michigan Appellate Courts ended

2

with an entry dated February 18, 2020 (answer to application for leave to appeal). (ECF No. 37, PageID.406-408.) Since that time, review of the public docket for the appellate courts in Michigan reveals that Plaintiff's attempt to skip the Michigan Court of Appeals and seek immediate review before the Michigan Supreme Court has been denied as of April 29, 2020. *Donaldson v. Dep't of Health and Human Services*, 2020 WL 2097340 (Mich. Sup Ct. Apr. 29, 2020). The Michigan Court of Appeals case remains "open." *See*, https://courts.michigan.gov/opinions_orders/ case_search/pages. Thus, there is a pending state court action, the question then becomes whether the existence of that action should cause this court to abstain from further action in this court.

\*   \*   \*

Here, the two pending cases in state and federal court are parallel. Plaintiff's claim of appeal of the ALJ decision in the state courts alleges that his right to examine his file was violated by MAHS ALJ Arendt when Plaintiff filed a timely request to examine his file but ALJ Arendt denied that request, and that his due process rights were violated. (ECF No. 37, PageID.374-375.)   In this federal case, Plaintiff charges that "defendants have denied him access to his case file and neglected to respond properly for forms and information" and that "the Michigan administrative law judges assigned to hear his appeals have improperly denied him access to his case file and prevented him from submitting documents and otherwise developing a record." (ECF No. 6, PageID.116-117.) Plaintiff also contends that these actions violated his due process rights. (*Id.*) Plaintiff seeks similar declaratory relief in the state court case as he does in the instant case.   (ECF No. 37, PageID.377; ECF No. 1, PageID.39-41.) The claims are nearly identical, the parties are substantially the same although Plaintiff added several new defendants in the federal action, and the relief sought is the same. I therefore find that the state and federal actions are parallel.

Since the actions are parallel, the court may then consider the eight factors to determine whether *Colorado River* abstention would be appropriate.  Here, there is no "res," the federal forum is neither convenient nor inconvenient, there is a possibility of piecemeal litigation, it appears that the state court appeal of the administrative decision was filed in 2019 and Plaintiff's claim in this court was filed in 2018. In addition, the state court is perfectly capable of protecting Plaintiff's due process rights in assessing the

adequacy of the state administrative procedure, neither the state nor federal cases have progressed to near conclusion, and either court would have jurisdiction to decide the issues presented. I suggest that these factors weigh in favor of abstention.

I further suggest that *Younger* abstention may also be appropriate. "Under *Younger* abstention, absent unusual circumstances [], a federal court must decline to interfere with pending state civil or criminal proceedings where important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). *Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger*, 401 U.S. at 40-41. If this Court were to grant the injunctive relief requested by Plaintiff, it would interfere with the ongoing state proceeding.

In addition, the relevant factors favor *Younger* abstention: "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017). Here, the state procedures are pending, and they will provide Plaintiff with a forum to address his constitutional due process issue. As to the important state interest, although it could be argued that "Medicaid involves a pervasive federal regulatory scheme[,]" the Act "confers broad discretion on the States to adopt standards for determining the extent of medical assistance, requiring only that such standards be 'reasonable' and 'consistent with the objectives of the Act." *Smith v. Rasmussen*, 249 F.3d 755, 759 (8th Cir. 2001), quoting *Beal v. Doe*, 432 U.S. 438, 444 (1977). The State of Michigan determines eligibility for benefits and considers Medicaid a "joint state and federal" program. *See, e.g., Ciena Healthcare Management v. Dep't of Health and Human Services*, 2015 WL 4255218, at *1 (Mich. Ct. App. July 14, 2015). Accordingly, I suggest that all three factors favor *Younger* abstention. *Hudson v. Campbell*, 663 F.3d 985, 988-89 (8th Cir. 2011) (finding all factors in favor of *Younger* abstention where the plaintiff had on-going state administrative proceeding and the plaintiff had not yet exhausted state remedies regarding eligibility for Medicaid and where due process claim could be raised in the state appellate process). I therefore recommend that the Defendants' motions to dismiss be granted

4

based on abstention. (ECF Nos. 37, 38, 76.)

R&R at 4-5, 6-8 (footnote omitted).

The magistrate judge is plainly correct that the instant action and the state court matter are parallel proceedings because they are "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). *See also Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017) (noting that "so long as the parties are substantially similar, and the claims raised in both suits are predicated on the same allegations as to the same material facts, the two actions will come close enough to count as parallel") (internal quotation marks and citation omitted). The claims plaintiff raises in his "Claim of Appeal," filed on June 4, 2019, in Roscommon Circuit Court, *see* State Defs.' Mot. to Dismiss, Ex. F, now pending in the Michigan Court of Appeals, are essentially identical to those presented in the amended complaint. In the instant action plaintiff has added a number of defendants, but the factual and legal issues involved in both cases are the same. The magistrate judge did not err in finding that the two cases are parallel.

Under *Colorado River*, the Court therefore proceeds to consider whether the eight factors the Supreme Court has identified counsel for or against abstaining while the state court matter proceeds. The magistrate judge correctly identified these factors,[2] and the Court finds

---

[2] These factors are

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; [] (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence

no error in her analysis of them.

Plaintiff makes nineteen objections to the R&R.  Objections 1-4 are that the magistrate judge, in summarizing the relief plaintiff seeks, cited to the original complaint, not the amended complaint.  Plaintiff is correct, but he does not explain what bearing this has on the abstention analysis.  Objections 5 and 6 are that the magistrate judge's summary of the court of appeals' ruling "removed the specific appellate findings."  Pl.'s Obj. at 7-8.  These objections are frivolous and have nothing to do with the abstention analysis.  Objections 7 and 8 are that the magistrate judge did not consider Hampel's reply brief in support of her motion to substitute for Vera Bay and that the magistrate judge should have decided plaintiff's and Hampel's substitution motions.  These objections are frivolous, as neither plaintiff nor Hampel can substitute for Bay, for the reasons indicated in note 1, *supra*.

Objections 9-12 appear to be that the instant action and the state-court matter are not parallel because the instant action has more defendants, asserts additional claims, and seeks additional relief.  These objections are overruled.  As noted above, actions are parallel if they are "substantially similar"; they need not involve identical parties, claims, or requests for relief.

Objection 13 is that the magistrate judge erred in finding the instant action and the state-court matter to be parallel proceedings.  This objection is overruled for the reasons indicated

---

or absence of concurrent jurisdiction.

*Romine*, 160 Fn.3d at 340-41 (citations omitted).  "These factors, however, do not comprise a mechanical checklist.  Rather, they require a careful balancing of the important factors as they apply in a given case depending on the particular facts at hand."  *Id.* at 341 (internal quotation marks and citations omitted).  However, the third factor is the most important.  *See VanArsdale*, 676 F. App'x at 395.

above.  In both cases, plaintiff alleges that defendants violated his rights by interfering with his access to his case file and with his entitlement to certain reimbursements.  Despite the differences plaintiff points out, the cases are plainly parallel under *Romine* and *VanArsdale*.

Objection 14 is that the magistrate judge erred in finding that "the federal forum is neither convenient nor inconvenient."  Pl.'s Obj. at 22.  Plaintiff finds this Court to be more convenient because it has jurisdiction to entertain his federal claims and grant all of the relief he requests.  *Id.*  This objection is overruled because "the second [*Romine*] factor relates to geographical considerations, not to the relative jurisdictional scope of state versus federal courts."  *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001).  Further, plaintiff has not shown that the state courts are unable to provide the same relief as he seeks here.

Objection 15 is that the magistrate judge erred in finding a possibility of piecemeal litigation.  This objection is overruled.  Plaintiff has filed similar lawsuits over the same subject matter in state court and in this Court.  There is not just a possibility, but a manifest reality, of piecemeal litigation.

Objection 16 is that the magistrate judge erred in finding that neither of the cases at issue has progressed near completion.  Plaintiff argues that the state case "is nearly completed."  Pl.'s Obj. at 23.  If plaintiff is correct, this is a point in favor of, not against, the magistrate judge's recommendation.  It would be nonsensical for this Court to proceed if plaintiff's claims are on the verge of being resolved in state court.  This objection is overruled.

Objection 17 is that the magistrate judge erred in finding that the *Romine* factors weigh in favor of abstention.  This objection is overruled.  The Court has independently weighed these factors and agrees with the magistrate judge.  The third factor, the "paramount"

consideration, *VanArsdale*, 676 F. App'x at 395, is the avoidance of piecemeal litigation.  As noted, plaintiff elected to bring two similar lawsuits in state and federal court.  This wastes judicial resources and is a strong argument in favor of abstention.  The first and second factors have little or no weight in this case.  The fourth factor weighs slightly against abstention, but this is outweighed by the seventh factor.  And both the federal and state courts are equally capable of applying the law and vindicating plaintiff's rights.  The magistrate judge's analysis is correct, and plaintiff's objection is overruled.

Objection 18 is that the magistrate judge erred in finding that *Younger* abstention applies.  The Court intends to abstain under *Colorado River*, not *Younger*.  Therefore, this objection is denied as moot.

Objection 19 is that the magistrate judge erred in recommending the dismissal of all of the non-dispositive motions as moot because his motion for leave to file a second amended complaint is not moot.  This objection is overruled.  There is no point in entertaining plaintiff's motion to file a second amended  complaint if, as the magistrate judge recommends, the Court abstains from hearing this case.  Accordingly,

IT IS ORDERED that Magistrate Judge Morris' R&R is accepted and adopted as the findings and conclusions of the Court with the modifications indicated below.

IT IS FURTHER ORDERED that the Court shall abstain from hearing this matter pursuant to *Colorado River*, but rather than dismiss the complaint the Court shall hold the matter in abeyance pending the completion of the state-court proceedings in accordance with *Bates v.*

*Van Buren Twp*., 122 F. App'x 803, 809 (6th Cir. 2004).  The parties are to inform the Court promptly upon the completion of those proceedings.  Any party desiring for the stay in this matter to be lifted at that time must file an appropriate motion.

IT IS FURTHER ORDERED that the Clerk of Court close this matter for administrative purposes.  The case will be reopened at the appropriate time upon any party's request.

IT IS FURTHER ORDERED that defendants' motions to dismiss [docket entries 37, 38, and 76] are granted insofar as they seek abstention, but denied insofar as they seek dismissal.

IT IS FURTHER ORDERED that defendants' motion to stay discovery pending a ruling on their motions to dismiss [docket entry 49] is denied as moot.

IT IS FURTHER ORDERED that plaintiff's "motion for immediate consideration & motion to accept discovery plan & sanctions" [docket entry 50] is denied.

IT IS FURTHER ORDERED that plaintiff's "motion for immediate consideration & motion to strike Mar. 23, 2020 notice and sanctions" [docket entry 55] is denied.

IT IS FURTHER ORDERED that plaintiff's and Hampel's motions to substitute

for Vera Bay [docket entries 58 and 83] are denied.

IT IS FURTHER ORDERED that plaintiff's "motion for reconsideration &/or clarification of order dated April 17, 2020" [docket entry 78] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended complaint [docket entry 85] is denied without prejudice to plaintiff's right to refile this motion if this matter is reopened upon the completion of the state-court proceedings.

IT IS FURTHER ORDERED that plaintiff's motion to file objections beyond the 25-page limit [docket entry 88] is granted.

IT IS FURTHER ORDERED that defendants' motion to confirm stay of briefing pending a ruling on the R&R [docket entry 90] is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions [docket entry 91] is denied; plaintiff's motion to withdraw this motion [docket entry 98] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time to file objections to the R&R [docket entry 92] is granted.

IT IS FURTHER ORDERED that Hampel's motion for appointment of counsel

[docket entry 102] is denied, as Hampel is a non-party.

IT IS FURTHER ORDERED that plaintiff's objections to the R&R are overruled.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  July 24, 2020                SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan

11