UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARK P. DONALDSON, | Case No. 1:18-cv-13994 |
| *Plaintiff,* | David M. Lawson<br>United States District Judge |
| v. | |
| NICK LYON, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**ORDER
DENYING PLAINTIFF'S MOTIONS AS TO REQUESTS FOR
RECONSIDERATION, ORDER ALLOWING FILING
OF RESPONSES AND REPLIES, AND ENTRY OF STAY
AND
GRANTING REQUEST FOR EXTENSION OF TIME TO
RESPOND TO PENDING RENEWED MOTIONS TO DISMISS
AND
DENYING AS MOOT REQUESTS TO EXPEDITE
(ECF Nos. 173, 174, 175, 176)**

**I.     INTRODUCTION**

Plaintiff Mark P. Donaldson, proceeding *pro se*, filed this lawsuit nearly six years ago. In broad terms, Donaldson alleges that he is a Medicaid recipient, that his insurance provider (Defendant Meridian Health Plan of Michigan, Inc.) incorrectly calculated mileage reimbursement claims, and that, during the administrative hearing process for the appeal of those claims, he was denied a fair hearing.

1

Donaldson has recently filed a number of motions for the Undersigned's consideration (ECF Nos. 173, 174, 175, 176)[1] as well as objections that remain pending before the district court (ECF No. 172). In his motions, Donaldson requests: (1) reconsideration of the Undersigned's September 19, 2024 order; (2) an order allowing Defendants to respond to his request for reconsideration; (3) entry of a stay; (4) additional time to respond to the three pending renewed motions to dismiss (ECF Nos. 168, 169, 171); and (5) expedited consideration of his motions. As will be explained, Donaldson's first, second, and third requests will be **DENIED**. His fourth request will be **GRANTED**. And finally, his fifth request will be **DENIED AS MOOT**.

## II.   BACKGROUND

As explained in detail in the September 19 order, this case was recently reopened, following which it was referred to the Undersigned for pretrial proceedings. (*See* ECF No. 163 (citing ECF No. 156)). In the order of reference, the district court provided instructions to the Undersigned for the management of this case. (ECF No. 156). In relevant part, the order provides:

> [I]t is **ORDERED** the case is referred to Magistrate Judge Patricia T. Morris for the following purposes:

---

[1] The filings docketed as entries 175 and 176 are the same motion to expedite. A review of all four motions suggests that Donaldson intended to file a motion to stay in addition to a motion to expedite. The request for a stay is adequately presented in Donaldson's filed motions and will be addressed herein.

A. Hearing and determination of any pretrial matter, including, but not limited to: (i) matters relating to the service of process, (ii) matters relating to the clarification of pleadings, (iii) disputes concerning discovery, and (iv) other duties as designated in 28 U.S.C. § 636(b)(1)(A).

B. Organizing and implementing a discovery schedule, motion deadlines and any other case management procedures which in the magistrate judge's view are needed.

C. Submitting reports and recommendations as may be necessary and other duties as designated in 28 U.S.C. § 636(b)(1)(B).

It is further **ORDERED** that the magistrate judge shall inform the parties of their rights and options to consent to the magistrate judge conducting all proceedings, including trial, under 28 U.S.C. § 636(c). The magistrate judge shall inform the parties that they are free to withhold consent without adverse substantive consequences. proceedings, including trial, under 28 U.S.C. § 636(c). *See* 28 U.S.C. § 636(c)(2).

It is further **ORDERED** that, in the event the parties withhold consent under 28 U.S.C. § 636(c), upon completion of all pretrial proceedings as set forth herein (including the issuance of a report and recommendation on dispositive motions, if any are filed), the magistrate judge shall certify in writing to the Court that the matter is ready for trial, if such is the case.

It is further **ORDERED** that the magistrate judge promptly shall convene a conference with the parties to discuss the status of the case and the establishment of appropriate scheduling benchmarks.

It is further **ORDERED** that the referral of this matter to the assigned magistrate judge shall continue until the magistrate judge certifies in writing to the Court that the matter is ready for trial, or until further order of the Court.

(*Id.* (emphasis in original)).

On September 19, 2024, the Undersigned convened a status conference as ordered. During that conference,

> the Undersigned attempted to ascertain whether a settlement was possible, given the age of this case and her belief in the practicality of a settlement for all parties. Donaldson was uninterested in discussing settlement. The Undersigned acknowledged that it was Donaldson's decision whether to proceed with litigation or engage in settlement discussions. She explained, however, that Defendants would be given the opportunity to file new motions to dismiss before the case could proceed. Defendants' previous motions to dismiss were ruled on solely in the context of abstention while parallel state court proceedings continued. None of the other grounds for dismissal raised in the motions have ever been considered by either this Court or the Sixth Circuit.

(ECF No. 163, PageID.1697). Defendants have now filed renewed motions to dismiss (ECF Nos. 168, 169, 171). Donaldson has been ordered to respond to the first two motions by October 23, 2024 (ECF No. 170), and to the third motion by October 25, 2024 (ECF No. 177).

## III.   DISCUSSION

Donaldson's motions all concern the September 19 order. His main request is for reconsideration of that order.

Motions for reconsideration are governed by the Local Rules of the Eastern District of Michigan. Donaldson's motion for reconsideration of a non-final order was timely filed within fourteen days of its entry. E.D. Mich. LR 7.1(h)(2). Although motions for reconsideration of non-final orders are disfavored, they may be granted upon one of the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.* Donaldson specifically relies on Local Rule 7.1(h)(2)(A). "No response to the motion and no oral argument are permitted unless the court orders otherwise." E.D. LR 7.1(h)(3).

To begin, Donaldson's motion to allow Defendants to respond to his motion for reconsideration (ECF No. 174) is **DENIED**. As suggested by Local Rule 7.1(h)(3), a court typically rules on a motion for reconsideration absent additional briefing and oral argument. Donaldson's motion clearly sets forth why he believes reconsideration is appropriate, and further briefing would not aid the Undersigned in ruling on his motion.

Donaldson first argues that the Undersigned mistakenly disregarded several of the district court's directives in its order of reference. This is not so.

The district court ordered the Undersigned to inform the parties of the option to consent to her serving as the presiding judicial officer in this matter. Consenting to a magistrate judge's jurisdiction is entirely voluntarily and if

5

the parties were to consent, they would no longer be able to object to the Undersigned's orders and recommendations. *See* 28 U.S.C. § 636(c)(1)–(2). Instead, all appeals would proceed directly to the Sixth Circuit. *Id.* § 636(c)(3).

During the status conference, Donaldson indicated that he planned to file objections to the Undersigned's rulings for the district court's review. Under the circumstances, it was apparent that Donaldson would not consent to the Undersigned's jurisdiction and that presenting him with the option to do so may have given the impression that withholding consent would adversely affect his case. This was something that both the Undersigned and the district court sought to avoid. (*See* ECF No. 156, PageID.1638 ("The magistrate judge shall inform the parties that they are free to withhold consent without adverse substantive consequences.")). Donaldson now explicitly states that he does not consent (ECF No. 173, PageID.1933), meaning the Undersigned will continue to conduct only pretrial matters pursuant to the district court's order of reference.

Next, Donaldson argues that the Undersigned should not have attempted to gauge the parties' interest in settling the case nor permit Defendants to file new motions to dismiss.

As to the first, a status conference is a type of pretrial conference and

6

is thus governed by Federal Rule of Civil Procedure 16. Rule 16(a) provides that one of the purposes of such a conference can be "facilitating settlement." Fed. R. Civ. P. 16(a)(5). Additionally, Rule 16(c) provides that "[a]t any pretrial conference, the court may consider and take appropriate action on" any of the matters listed in subsections (A) through (P). One of which is "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule[.]" Fed. R. Civ. P. 16(c)(2)(I). Further, the Sixth Circuit has explained that "judges should encourage and aid early settlement," while being mindful to "not attempt to coerce that settlement." *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993). In sum, it was not a mistake to raise the topic of settlement at the September 19 status conference.

Donaldson's next argument concerns his interpretation of the district court's July 24, 2020 opinion and order. In relevant part, the opinion and order stated, "Defendants' motions to dismiss [docket entries 37, 38, and 76] are granted insofar as they seek abstention, but denied insofar as they seek dismissal." (ECF No. 111, PageID.1433). Donaldson interprets this language as denying *with prejudice* any argument that Defendants raised in their motions to dismiss other than those related to abstention. The Undersigned, however, does not read "with prejudice" into the district court's decision.

7

The July 24, 2020 opinion and order adopted as modified the June 18, 2020 report and recommendation ("R&R"). The only ground for dismissal considered in that R&R was abstention. (*See* ECF No. 87). The opinion and order did not discuss any additional grounds for dismissal. (*See* ECF No. 111). Therefore, neither the undersigned nor the district court has yet ruled on the other potential grounds for dismissal that were timely raised by Defendants in their original motions to dismiss and again in their now-pending renewed motions to dismiss. Accordingly, it was not a mistake to allow Defendants to file renewed motions to dismiss.

Moreover, notwithstanding Donaldson's assertions to the contrary, the Undersigned complied with the district court's directive "to discuss the status of the case and the establishment of appropriate scheduling benchmarks." (ECF No. 156, PageID.1638). During the September 19 conference, the Undersigned discussed the resolution of the state court proceedings in conjunction with the parties' recent filings, asked questions regarding the possibility of a settlement, set deadlines by which Defendants needed to file any renewed motions to dismiss, and explained the procedural posture of the case, specifically noting that the case would proceed to the discovery stage of litigation should any claim(s) survive the dismissal. It was not a mistake to refrain from entering a scheduling order before the Court has the opportunity

to consider all of Defendants' arguments in favor of dismissal. Ultimately, Donaldson has not established that any mistakes were made during the September 19 status conference or in the September 19 order.

## IV. CONCLUSION

For the reasons set forth above, Donaldson's motion for reconsideration (ECF No. 173) as well as his motion to allow Defendants to respond (ECF No. 174) are **DENIED**.

As both motions have now been denied, his motions to expedite rulings (ECF Nos. 175, 176) are hereby **DENIED AS MOOT**. To the extent that these motions also request entry of a stay pending the district court's ruling on Donaldson's pending objections, this request is **DENIED**. *See* E.D. Mich. LR ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").

Finally, even though Donaldson's motions were ultimately unsuccessful, the Undersigned recognizes that he spent time preparing them that he likely would have otherwise used to prepare his responses to the pending renewed motions to dismiss. The Undersigned thus finds good cause to **GRANT** his request for an extension. **Donaldson must respond to Defendants' motions on or before Monday, November 4, 2024.** He may

9

either respond to all three motions in one filing or in three separate filings.

**IT IS SO ORDERED.**

Date: October 16, 2024                              S/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge