UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON and VERA BAY,

        Plaintiffs,

v.

NICK LYON, JULIE MCMURTRY, MERIDIAN
HEALTH PLAN OF MICHIGAN, INC.,
MICHIGAN ADMINISTRATIVE HEARING
SYSTEM, MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES, ROBERT
GORDON, LAURIE SAUER, NEMCSA, and
PEGGY HAMPEL,

        Defendants.
_____/

Case Number 18-13994
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

**ORDER DENYING MOTION TO STAY AND MOTION FOR EXPEDITED RULING, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING THE CASE IN ITS ENTIRETY WITH PREJUDICE**

On August 23, 2024, the Court referred this matter to the assigned magistrate judge to handle all pretrial matters under 28 U.S.C. § 636(b). The magistrate judge convened a status conference with the parties and thereafter issued a preliminary scheduling order setting a deadline for the defendants to file renewed motions to dismiss, if they so desired. Several of the defendants filed such motions on October 2 and 3, 2024. The magistrate judge subsequently issued an order establishing a briefing schedule for the motions.

On October 3, 2024, the plaintiff filed objections to the preliminary scheduling order. Most of the plaintiff's dozens of enumerated objections challenged discrete portions of a comprehensive recitation of the procedural history that was included in the scheduling order. The only substantive challenge to the relief ordered by the magistrate judge was the plaintiff's assertion that the magistrate judge erred by allowing the defendants to file renewed motions to dismiss. The plaintiff insisted that the magistrate judge should have denied the defendants' requests to file renewed

dispositive motions because any right the defendants had to mount further pleading challenges was foreclosed by the Court's prior rulings. On October 17, 2024, the Court issued an order overruling the plaintiff's objections to the magistrate judge's order. *See* ECF No. 182.

On October 30, 2024, the plaintiff filed a motion for reconsideration of the Court's order overruling the objections. The motion also included a request for the Court to certify the order overruling objections for interlocutory appeal under Federal Rule of Appellate Procedure 5(a). The Court denied the motion for reconsideration on November 13, 2024. Subsequently, the plaintiff filed numerous cumulative objections and motions seeking reconsideration of the order by the undersigned denying the previously filed motion for reconsideration.

On November 27, 2024, the Court issued an order overruling the plaintiff's outstanding objections to various rulings by the magistrate judge and denying several more motions for reconsideration. In that order, the Court established an absolute and final deadline of December 30, 2024 for the plaintiff to file his opposition to the motions to dismiss. In keeping with his pattern of dilatory conduct throughout this litigation, the plaintiff did not abide by that deadline. Instead, he filed more frivolous motions seeking to stay the proceedings and for other relief.

On February 10, 2025, the magistrate judge issued a report recommending that the Court dismiss the case in its entirety with prejudice as a sanction for the plaintiff's recalcitrant refusal to abide by orders of the Court. The plaintiff sought and was granted an extension of time to object to the report and recommendation. No objections were forthcoming. Moreover, to date the plaintiff still has not filed his oppositions to the motions to dismiss, despite the lapse of more than five months since those motions were filed, and despite the Court's largesse in granting multiple extensions of the briefing schedule.

As the magistrate judge explained in the recent report and recommendation, Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even though "Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). District courts in the Sixth Circuit consider the following four factors when deciding whether to involuntarily dismiss a complaint: "1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Id.* at 376 (cleaned up). The magistrate judge reviewed the record of the proceedings and found that all of the applicable factors weigh in favor of dismissal under the circumstances, since the plaintiff repeatedly has refused to comply with orders of the Court, his refusals have been both persistent and deliberate despite multiple opportunities to comply, the defendants were prejudiced by the lengthy delay in the resolution of the litigation, and the plaintiff explicitly was warned that refusing to comply with further orders of the Court could result in dismissal of the case with prejudice.

The plaintiff was advised of his right to file objections to the report and recommendation, and he sought and was granted an extension of the deadline for doing so. The extended deadline for objecting has passed, and no objections have been filed. By his failure to present timely objections to the report and recommendation the plaintiff has waived any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the

failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge.

The Court also has reviewed the plaintiff's recent submissions and finds that he has not presented good grounds to stay or otherwise delay the resolution of this litigation. The Court finds, to the contrary, that the recent submissions further illustrate the propriety of the recommendation for dismissal based on the plaintiff's failure to prosecute and refusal to comply with orders of the Court. The plaintiff persistently has demonstrated that he has no interest in engaging the merits of his claims in this suit, and "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *In re TelexFree Sec. Litig.*, No. 14-2566, 2024 WL 4728932, at *3 (D. Mass. Nov. 8, 2024).

Accordingly, it is **ORDERED** that the plaintiff's motion to stay (ECF No. 210) and motion for expedited consideration (ECF No. 209) are **DENIED**.

It is further **ORDERED** that the report and recommendation (ECF No. 205) is **ADOPTED**, and the case in its entirety is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the defendants' motions to dismiss (ECF No. 168, 169, 171) are **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 18, 2025