UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON and VERA BAY,

        Plaintiffs,

v.

NICK LYON, JULIE MCMURTRY, MERIDIAN
HEALTH PLAN OF MICHIGAN, INC.,
MICHIGAN ADMINISTRATIVE HEARING
SYSTEM, MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES, ROBERT
GORDON, LAURIE SAUER, NEMCSA, and
PEGGY HAMPEL,

        Defendants.
_____/

Case Number 18-13994
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

## ORDER DENYING AND DISMISSING DUPLICATIVE MOTIONS AND REFERRING MOTION TO SETTLE THE RECORD TO THE ASSIGNED MAGISTRATE JUDGE

On August 23, 2024, the Court referred this matter to the assigned magistrate judge to handle all pretrial matters under 28 U.S.C. § 636(b). The magistrate judge convened a status conference with the parties on September 19, 2024, which was conducted telephonically, and thereafter issued a preliminary scheduling order setting a deadline for the defendants to file renewed motions to dismiss, if they so desired. Several of the defendants filed such motions on October 2 and 3, 2024. The magistrate judge then issued an order establishing a briefing schedule for the motions. The plaintiff thereafter sought reconsideration of the scheduling order through numerous objections and motions, all of which were rejected by this Court. Eventually the Court dismissed the case under Federal Rule of Civil Procedure 41(b), after the plaintiff refused to file responses to the defendants' dispositive motions, despite being given lengthy extensions of time and numerous opportunities to do so. The plaintiff then filed several post-dismissal motions

seeking to reopen the case, all of which were denied. He then filed a notice of appeal of the judgment of dismissal.

Now before the Court is the plaintiff's "motion to settle the record" relating to the September 19, 2024 scheduling conference. Federal Rule of Appellate Procedure 10, which governs the production and transmittal of the record on appeal, specifies a procedure to be followed for settling the record of any "hearing" or "trial" for which an official transcript is not available from the Court's reporter. That rule provides as follows:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c). The plaintiff moves the Court to refer the matter to the assigned magistrate judge to settle the record concerning the September 19, 2024 telephonic status conference which the magistrate judge convened with the parties, for which the plaintiff says no audio recording or other transcript was produced. There is some question whether a telephonic status conference to discuss scheduling constitutes a "hearing or trial" within the meaning of Appellate Rule 10(c), but the Court will refer the matter to the magistrate judge to take appropriate action, if any be necessary, to complete the record on appeal.

The plaintiff also has filed numerous duplicative motions to "expedite" the referral of the matter, along with duplicate copies of his motion to settle the record. He also filed a motion asking the Court to "correct" several electronically filed papers which the plaintiff himself submitted, on which he says he affixed incorrect dates. The record speaks for itself concerning the operative dates of the plaintiff's submissions, all of which are automatically imprinted by the CM/ECF system with headers indicating the dates of electronic filing. The content of papers submitted by

the parties is not for the Court to control, or to "correct." The plaintiff's duplicative filings will be stricken, and the motions to expedite will be dismissed as moot.

Accordingly, it is **ORDERED** that the plaintiff's first motion to settle the record (ECF No. 225) is **STRICKEN**.

It is further **ORDERED** that the plaintiff's motion to correct other filings (ECF No. 226) is **DENIED**.

It is further **ORDERED** that the plaintiff's second motion to settle the record (ECF No. 229) is referred to the assigned magistrate judge to take appropriate action, if any be required under Federal Rule of Appellate Procedure 10, to settle the record on appeal relating to the September 19, 2024 telephonic status conference.

It is further **ORDERED** that the plaintiff's motions to expedite (ECF No. 223, 224, 227, 228) are **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 16, 2025