UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON and VERA BAY,

        Plaintiffs,

v.

NICK LYON, JULIE MCMURTRY, MERIDIAN
HEALTH PLAN OF MICHIGAN, INC.,
MICHIGAN ADMINISTRATIVE HEARING
SYSTEM, MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES, ROBERT
GORDON, LAURIE SAUER, NEMCSA, and
PEGGY HAMPEL,

        Defendants.
_____/

Case Number 18-13994
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING PLAINTIFF'S MOTION TO SETTLE THE RECORD ON APPEAL

On August 23, 2024, the Court referred this matter to the assigned magistrate judge to handle all pretrial matters under 28 U.S.C. § 636(b). The magistrate judge convened a status conference with the parties on September 19, 2024, which was conducted telephonically, and thereafter issued a preliminary scheduling order setting a deadline for the defendants to file renewed motions to dismiss, if they so desired. Several of the defendants filed such motions on October 2 and 3, 2024. The magistrate judge then issued an order establishing a briefing schedule for the motions. The plaintiff thereafter sought reconsideration of the scheduling order through numerous objections and motions, all of which were rejected by this Court. Eventually the Court dismissed the case under Federal Rule of Civil Procedure 41(b), after the plaintiff refused to file responses to the defendants' dispositive motions, despite being given lengthy extensions of time and numerous opportunities to do so. The plaintiff then filed several post-dismissal motions

seeking to reopen the case, all of which were denied. He then filed a notice of appeal of the judgment of dismissal.

On September 15, 2025, the plaintiff filed a "motion to settle the record" relating to the September 19, 2024 scheduling conference. Federal Rule of Appellate Procedure 10, which governs the production and transmittal of the record on appeal, specifies a procedure to be followed for settling the record of any "hearing" or "trial" for which an official transcript is not available from the Court's reporter. That rule provides as follows:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c). The Court referred the motion to the assigned magistrate judge to take appropriate action, if any, required under Federal Rule of Appellate Procedure 10, to settle the record on appeal relating to the September 19, 2024 telephonic scheduling conference.

On September 23, 2025, the magistrate judge issued a report recommending that the Court should deny the motion to settle the record. In the report, the magistrate judge observed that it is common for conferences concerning case scheduling to be convened informally and off the record, with parties or their counsel in attendance in the Court's chambers or remotely via telephone or video conferencing, and that many federal courts do not have such conferences either recorded or transcribed by court reporters. The magistrate judge also cited federal decisions holding that where the substance of issues presented at a scheduling conference are memorialized in the record by court orders summarizing the discussions and the reasoning for scheduling decision, those orders sufficiently present the record of the proceeding for purposes of appeal.

In this instance, after the conference was convened, the magistrate judge issued an eight-page order that recited the lengthy procedural history of the litigation, including a summary of positions taken by the parties during the scheduling conference. Order Setting Deadlines, ECF No. 163. The order indicated that the plaintiff was "dissatisfied" with the results of the conference and had contacted numerous court employees demanding to obtain an audio recording of the conference, which was unavailable because the magistrate judge does not record off-the-record status conferences. *See id.* at PageID.1697 n.2. The magistrate judge, however, observed that the defendants intended to file motions to dismiss the complaint raising merits issues that were not previously addressed either by this Court or the court of appeals, since the prior rulings in the litigation had focused solely on the question whether the Court should abstain from deciding the case due to the pendency of a related state court proceeding. The magistrate judge accordingly established a deadline for the defendants to file motions challenging the pleadings, and several defendants did so.

As a threshold matter, it is questionable whether a telephonic scheduling conference held off-the-record falls within the purview of Federal Rule of Appellate Procedure 10(c), which by its terms governs the perfection of records relating to a "trial" or "hearing." The case law on point is thin, and most authoritative decisions concern instances where an official court reporter's record of a trial or hearing was supposed to be produced, but for various reasons the stenographic record and official transcript were either lost or destroyed. *E.g.*, *United States v. Locust*, 95 F. App'x 507, 511 (4th Cir. 2004) ("[T]he clerk of the district court filed a certification that the court reporter's stenographic notes and backup tapes for the opening and closing arguments, the charge to the jury, and the verdict could not be located."). However, some appellate courts have read Rule 10(c) broadly to apply in principle to records of pretrial conferences, at least where such proceedings

"were in reality part of the trial process," and where the record of what transpired "might be found to be of vital significance on appeal." *Athridge v. Rivas*, 141 F.3d 357, 361-62 (D.C. Cir. 1998). The magistrate judge also observed that other federal courts have assumed without deciding that Rule 10(c) applies nominally to records of pretrial conferences. This Court finds it unnecessary to decide whether the September 19, 2024 scheduling conference falls strictly within the purview of Rule 10(c), and this Court will assume without deciding that a request for completion of the record of such a conference is governed nominally by that rule.

With that assumption in mind, and after a thorough review of the existing record, the Court agrees with the magistrate judge that there is no need for further action by the Court to settle the record of the September 19, 2024 status conference. The purpose of Rule 10(c) in the first instance is to allow the parties to "reconstruct the record from the best means available where a trial or hearing occurred but no transcript of the proceeding is available." *Foley v. Orange County, Florida*, No. 12-269, 2013 WL 12158615, at *1 (M.D. Fla. Nov. 4, 2013). However, "[w]here, as here, no transcript exists because the parties appeal an order that was decided without a hearing, Rule 10(c) is inapposite." *Ibid.* In this instance, the scheduling decision was rendered by the magistrate judge without a formal hearing, and the reasoning for the scheduling determination was recited fully in the scheduling order. Moreover, the plaintiff did not appeal that scheduling order to the circuit court, but instead he has appealed the Court's order and judgment dismissing the case. No hearing was held before the Court issued its final ruling disposing of the case, and, again, the entire factual and legal grounds for the dismissal ruling were recited fully in the Court's dismissal order. *See* Order of Dismissal, ECF No. 211. Where the issues addressed in a proceeding are thoroughly summarized by subsequently-issued orders of the Court, there is no need for substitution of the parties' recollections via the Rule 10(c) procedure, because the Court's orders

themselves constitute the "best available means" of presenting the record for appellate review. *Blakely v. CarMax Auto Superstores, Inc.*, No. 23-2272, 2024 WL 1869366, at *2 (D. Kan. Apr. 29, 2024) ("Where, as here, a description of what transpired during the proceedings is memorialized in a court order, minute entry, clerk entry or similar filing, an appellant's statement of recollection is not the 'best available means' to show the content of those proceedings. Here, the 'best available means' of showing the content of the proceedings at issue on appeal are the docket sheet, the notice of appeal, the court's Memorandum and Order, and the judgment, all of which the clerk included in the preliminary record on appeal sent to the Tenth Circuit. Those documents are already part of the record in this case and are more reliable evidence of the course of the proceedings than Blakely's rehash of her unsuccessful arguments."); *Brown Inv. Advisory & Tr. Co. v. Allen*, No. 19-2332, 2021 WL 2141377, at *2 (D. Md. May 26, 2021) ("The Court finds that supplementation of the record under Rule 10(c) would be inappropriate in this case for numerous reasons. . . . [P]erhaps most importantly, [appellant's] recollections of the status conferences do not constitute the 'best available means' of evincing what transpired during these status conferences, all of which were memorialized in Court Orders issued and docketed in this case.").

The plaintiff submitted more than 30 pages of objections to the report and recommendation, accompanied by more than 60 pages of exhibits. After reviewing the objections, the Court finds that in substance they represent nothing more than another attempt by the plaintiff to reiterate and rehash his grievances with the magistrate judge's decision in the first instance to permit the defendants to file their motions to dismiss, which the Court repeatedly has addressed and rejected in prior rulings, including in the order appealed from. There is no need at this stage of the proceedings to dwell further on such matters, and the plaintiff has not cited any legal authority for

the novel proposition that there was anything inherently improper about the magistrate judge's practice of convening scheduling conferences informally and by telephone without a record being made, which in the experience of the undersigned is a routine and widely accepted practice in federal district courts. Moreover, for the reasons stated above, it is plain that the motion to settle the record is devoid of legal or factual grounds to justify the relief sought. All of the plaintiff's objections are without merit and will be overruled.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 231) is **ADOPTED**, the plaintiff's objections (ECF No. 241) are **OVERRULED**, and the plaintiff's motion to settle the record on appeal (ECF No. 229) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 11, 2025